In this postforeclosure action, the plaintiff, Melissa A. Juarez, appeals from the judgment entered in favor of the defendants on their motions for summary judgment. We affirm.
Background. On August 5, 2005, Juarez signed a promissory note (note) to New Century Mortgage Corporation (New Century)[4] on real property in the Dorchester section of Boston and granted a mortgage on the property. New Century endorsed the note in blank. On October 28, 2005, New Century and NC Capital Corporation (NC Capital) entered into a reconstituted servicing agreement with DLJ Mortgage Capital, Inc. (DLJ), and Asset Backed Securities Corporation (ABSC). The agreement provided that NC Capital had sold, DLJ had purchased, and New Century agreed to service certain loans. It further provided that DLJ intended to sell those loans to ABSC, which planned to deposit the loans in a trust pursuant to a pooling and servicing agreement (PSA).[5] The PSA was executed on October 28, 2005, with an effective date of October 1, 2005. The Juarez loan was assigned and transferred to the trust in accordance with the PSA.[6] On November 14, 2005, New Century notified Juarez that the servicing of her mortgage was being transferred to SPS. In 2007, Juarez defaulted on the note and mortgage and failed to cure the default after notice. On June 17, 2008, U.S. Bank National Association (U.S. Bank) notified Juarez that it intended to foreclose on the Dorchester property. The property was sold at a foreclosure sale on July 22, 2008, to U.S. Bank.[7] Thereafter, U.S. Bank sold the property to Christopher and Jacqueline Fencer (Fencers).
Procedural history. Juarez filed a complaint in the Superior Court, which was subsequently amended, against U.S. Bank and SPS. These defendants removed the case to the United States District Court for the District of Massachusetts based on diversity of citizenship. Juarez's complaint was dismissed on the defendants' motions and Juarez appealed. The United States Court of Appeals for the First Circuit reversed in part and affirmed in part. Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269 (1st Cir. 2013). So much of Juarez's complaint as alleged violations of G. L. c. 244, § 14 (lack of power of sale), was reinstated. The dismissal of Juarez's fraud and G. L. c. 93A claims was affirmed as insufficiently pleaded, but the court stated that the complaint could be amended. The dismissal of the claim of violation of G. L. c. 244, § 2 (failure to make proper entry), was affirmed.
On remand, Juarez filed a second amended complaint[8] and added the Fencers as defendants. The case was remanded to the Superior Court, as the addition of the Fencers divested the United States District Court of subject matter jurisdiction. The Fencers filed counterclaims against Juarez and cross claims against U.S. Bank.[9] U.S. Bank and SPS filed a motion for summary judgment as to all counts against them. The Fencers filed a motion for summary judgment on certain of their counterclaims against Juarez. Juarez filed an opposition to both motions, contending that she is entitled to judgment as a matter of law. After hearing, a judge of the Superior Court allowed the defendants' motions, and judgment entered accordingly. The judgment declares that U.S. Bank and SPS had standing as a real party in interest as the owner of Juarez's note under G. L. c. 106 and to enforce Juarez's mortgage, that the foreclosure auction was not void ab initio, and that title and possession of the property will not be returned to Juarez. The judgment further declares that the sale to the Fencers was not void ab initio and that the Fencers hold title to the property free and clear of any adverse claims by Juarez.
Discussion. On appeal, "[w]e review a grant of summary judgment de novo." Miller v. Cotter, 448 Mass. 671, 676 (2007). We look to the summary judgment record to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002).
Juarez primarily contends that U.S. Bank lacked standing to enforce the note and mortgage when it exercised the power of sale because it was not the lawful holder. We disagree. As was the case in U.S. Bank Natl. Assn. v. Ibanez, 458 Mass. 637 (2011), U.S. Bank was not the original mortgagee to whom Juarez granted the power of sale. Thus, U.S. Bank would only have the authority to exercise the power of sale if it was the assignee of the mortgage at the time of the notice of sale and the subsequent foreclosure sale. Id. at 648. U.S. Bank contends that it had the authority to foreclose as the assignee of the original mortgagee, New Century. Juarez disputes that U.S. Bank provided evidence of a complete chain of assignments. Specifically, she contends there is a gap between New Century and ABSC. However, the reconstituted servicing agreement incorporates the PSA and thus is sufficient to show a chain of assignment from New Century (NC Capital), to DLJ, to ABSC, to the trust.
Juarez next claims the assignment of the note to the trust took place prior to the notice of sale and subsequent foreclosure sale. This claim fails, as the executed PSA shows the mortgage and note, identified by the unique number assigned to the Juarez mortgage, was part of the assets transferred to the trust in 2005. This evidence suffices to establish that U.S. Bank was the holder of the mortgage prior to the notice of sale and subsequent foreclosure sale.[10] Id. at 651. There is no genuine issue of material fact as to U.S. Bank's right to foreclose.
Juarez also contends that U.S. Bank did not hold the note at the time of the foreclosure sale and thus under the holding of Eaton v. Federal Natl. Mort. Assn., 462 Mass. 569 (2012), she is entitled to relief. Eaton, which was decided in 2012, provides that, prospectively, a foreclosing mortgagee is required to hold the note at the time of the foreclosure sale. Id. at 588-589. Thereafter, Eaton was given limited retroactive application to cases pending on appeal when it was decided. Galiastro v. Mortgage Electronic Registration Sys., Inc., 467 Mass. 160, 167 (2014). As the Fencers were not named as defendants when the case was pending in the First Circuit, Juarez cannot benefit from the limited retroactive application of Eaton. However, even if Juarez could apply the holding of Galiastro, the undisputed evidence is that U.S. Bank in fact was the holder of the note at the time of the foreclosure.
Juarez fares no better on her fraud and G. L. c. 93A claims. It is uncontested that Juarez defaulted on her mortgage and note. Regardless of who held the mortgage and note, Juarez is unable to demonstrate that she relied on any statement by U.S. Bank or SPS that caused her harm. Moreover, there is no evidence that U.S. Bank or SPS engaged in unfair or deceptive business practices.[11]
Judgment affirmed.

New Century filed for bankruptcy in April, 2007. While Juarez relies, in part, on the bankruptcy as the basis for some of her claims, she acknowledges she has no interest in those proceedings.

The PSA was dated October 1, 2005, and included ABSC as the depositor, SPS as the servicer, DLJ as the seller, Wells Fargo Bank, N.A. as the master servicer, U.S. Bank National Association as trustee, and MortgageRamp, Inc., as the loan performance advisor.

The Juarez mortgage is identified on the mortgage loan schedule as 1003148105.

U.S. Bank recorded a mortgage foreclosure deed on October 22, 2008. On October 29, 2008, a corporate assignment of mortgage of the Juarez note and mortgage was recorded. New Century, by its attorney in fact, SPS, was the assignor, and U.S. Bank, as trustee, was the assignee. The assignment was executed and notarized on October 16, 2008, with a date of assignment of June 13, 2007.

The second amended complaint sought a declaration that U.S. Bank and SPS did not have standing as a real party in interest as the owner of the note, pursuant to G. L. c. 106; a declaration that U.S. Bank and SPS did not have standing as a real party in interest to enforce Juarez's security instrument; a declaration that U.S. Bank's and SPS's foreclosure auction sale was void ab initio; a declaration that U.S. Bank's sale of the property to the Fencers was void ab initio; and a declaration that title and possession of the property be returned to Juarez. Juarez also sought to recover on claims of use and occupancy against the Fencers; slander of title against the Fencers; violation of G. L. c. 93A against U.S. Bank and SPS; civil conspiracy against U.S. Bank and SPS; and fraud against U.S. Bank and SPS.

The counterclaims sought a declaration that the Fencers hold title to the property free and clear of any adverse claims by Juarez; to quiet title pursuant to G. L. c. 244, §§ 6 -10 ; relief pursuant to G. L. c. 244, §§ 1 -2 ; to recover on the theory of unjust enrichment; an equitable assignment of the note and mortgage; an equitable accounting. The counterclaims also included claims pursuant to G. L. c. 244, §§ 3 -12. The cross claims against U.S. Bank are for declaratory judgment, breach of quitclaim covenants, equitable assignment of the note and mortgage, and equitable accounting.

That the assignment was not recorded until after the foreclosure sale is of no moment. See Ibanez, supra at 654.

Juarez raises twenty-seven issues in her brief. To the extent that we do not address the other arguments she raises, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).